UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07101
973-645-3827

May 23, 2005

**LETTER-OPINION AND ORDER**
**ORIGINAL FILED WITH CLERK OF THE COURT**

Robert A. Bianchi, Esq.
Bianchi & Bianchi, LLC
80 Orchard Street
Bloomfield, NJ 07003

Brian C. Harris, Esq.
Braff, Harris & Sukoneck
570 W. Mt. Pleasant Avenue
P.O. Box 657
Livingston, NJ 07039

      Re:    Flora v. Union County College, et al
                Civil Action No. 03-CV-3561 (JLL)

Dear Counsel:

**INTRODUCTION**

This matter comes before me on plaintiff's motion for leave to file an Amended Complaint pursuant to Rule 15(a). I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

**BACKGROUND/ PROCEDURAL HISTORY**

This action arises out of a sexual harassment claim that was filed by Melissa Kefalas ("Kefalas") against her co-employee, plaintiff George Flora. On June 19, 2002, plaintiff was

terminated by defendant Union County College ("UCC"), effective May 24, 2002, as a result of the sexual harassment investigation. In response to the termination, plaintiff filed a grievance. On September 10, 2002, an arbitration was conducted before the State of New Jersey Public Employment Relations Commission on the sole issue of determining the appropriateness of UCC's disciplinary penalty.[1] On October 14, 2002, the arbitrator ruled that plaintiff's termination would be nullified and instead ordered a thirty-five day suspension, counseling, and a handwritten letter of apology to Kefalas. Plaintiff was permitted to return to work on a "last chance" basis in an equivalent position but at a different campus.

Plaintiff argues that he was subjected to continuous harassment upon returning to work. Plaintiff also argues that he was not permitted to adequately address the allegations against him at the hearing and that the allegations of sexual misconduct were without merit.

On July 28, 2003, plaintiff filed the Complaint sub judice against UCC, Charles Buda, William Hodge, and Kefalas ("Defendants"). Defendants filed an Answer on October 3, 2003, and an Amended Answer on December 3, 2003. On March 18, 2004, defendants filed a motion for summary judgment that was denied by Judge Linares on January 31, 2005.

Present counsel, Robert Bianchi, was retained on October 1, 2004 after plaintiff's former counsel passed away. Plaintiff now seeks leave to amend. He seeks to add new causes of action

---

[1] At the hearing, UCC and the Union County College Physical Plant Association/NJEA ("Association") stipulated that,

> "the sole issue before the Arbitrator is: Did the College have just cause to terminate the Grievant for his acts of sexual harassment? If not, what shall be the remedy?"
> Union County College v. Union County College Physical Plant Assn/NJEA, Opinion and Award at 3, (October 14, 2002).

2

and additional parties on the basis that, "there exists a continuing pattern of discrimination and other retaliatory conduct that has been ongoing since the filing of the original complaint," based on age discrimination, retaliation for his participation in union-related activities, and /or for having won his arbitration. Certification of Robert Bianchi at ¶ 5. On March 28th, defendants filed an opposition and cross-motion seeking a dismissal and confirmation of the arbitration award.

## DISCUSSION

I.      *Plaintiff's Motion to Amend*

Rule 15(a) provides in relevant part that, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave to amend shall be freely given when justice so requires." Leave to amend may be denied for four reasons: 1) undue delay, 2) bad faith or dilatory motive, 3) undue prejudice, or 4) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Rolo v. City of Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998). The federal rules reflect the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. Foman, 317 U.S. at 182 (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). Courts should liberally permit amendments and the discretion to do so rests with the court. See, e.g., Heyl & Paterson v. F.D. Rich Housing of Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982); Elf Atochem North America, Inc. v. United States, 161 F.R.D. 300, 3001 (E.D. Pa 1995).

A.     Undue Delay

"In the absence of any apparent or declared reason such as undue delay ... the leave sought should, as the rules require, be 'freely given'" Foman, 371 U.S. at 182. Delay is a sufficient justification for denying leave to amend only when combined with some extrinsic occurrence that brings about actual and significant prejudice to the opponent. Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n.19 (3d Cir. 1969).

Defendants argue that plaintiff's new claims are based upon new facts and theories and that by adding new causes of actions and defendants they will be required to engage in more extensive discovery. Discovery was stayed by me on January 22, 2004, pending determination of the summary judgment motion. Based upon the transcripts of the hearing before Judge Linares on January 31, 2005, it appears that at the time that discovery was stayed, only initial disclosures had been exchanged.[2] After Judge Linares denied summary judgment on January 1, 2005, I directed plaintiff to move to amend. As plaintiff has complied with my directions there is no undue delay.

B.     Undue Prejudice

Substantial or undue prejudice to the non-moving party is a sufficient ground for denying a motion to amend. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). In deciding the existence of undue prejudice, courts should focus on the hardship to the defendants if the amendment were permitted. Cureton v. National Collegiate Athletic Association, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, we have considered whether allowing an amendment would

---

[2] "As of this moment, other than exchanging initial disclosures, no discovery has yet been conducted in this matter." Flora v. Union County College, et al., Opinion at 4, (January 31, 2005).

4

result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton, 252 F.3d at 273. Defendants argue that an amendment would "require beginning the case all over again" to investigate a new issue that was not relevant to the initial Complaint. Additional discovery does not amount to the unfair disadvantage that must exist to justify denial of amendment. The defendants' assertion therefore cannot be accepted.

C.      Futility of Amendment

An amendment will be considered futile if it "is frivolous or advances a claim that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). Futility of a proposed amendment is analyzed using the motion to dismiss standard. Massarky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983). Courts look at the proposed amended complaint for factual support of the claims advanced and all allegations made by plaintiff are to be regarded as true. Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

Defendants assert that the amended claims are barred by the statute of limitations and that the proposed Amended Complaint presents a different claim from the one originally raised. Plaintiff argues that, "an equitable tolling of the statute occurred with the filing of the defendants' summary judgment motion and the subsequent disallowance of plaintiff's attempts to amend the Complaint." Plaintiff's Reply Brief at 6. Plaintiff also argues that the additional causes of action "were only made known to plaintiff in the summer of 2004 and clearly constitute a continuing hostile work environment, ... are within the statute of limitations period, which could feasibly not expire until the summer of 2006." Plaintiff attempted to amend before me on January 22, 2004

5

and was denied pending a determination on the summary judgment motion.  I am therefore not persuaded that plaintiff's amendment would be futile.

II.     *Defendants Cross-Motion to Dismiss the Complaint and Confirm the Award of the Arbitrator*

Defendants filed a cross-motion to dismiss plaintiff's Complaint and confirm the award of Arbitrator Robert Glasson dated October 14, 2002.  They argue that because the collective bargaining agreement between UCC and the UCC Physical Plant Association did not limit the grievance arbitration to the Arbitration Act provisions I should enter an Order confirming the award.  Plaintiff argues that the cross-motion should not be heard , since it "in no way relates to the subject matter of plaintiff's motion to file an Amended Complaint."  Plaintiff's Reply at 11.  The subject matter of the cross-motion does not appear to be related to the original motion.  Defendants' cross-motion is DENIED.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to amend the Complaint is GRANTED.  Defendant's cross-motion is hereby DENIED.  The Amended Complaint is to be filed and served within ten (10) days from the date hereof.  Answers are due within ten (10) days of service.

I will conduct a status conference on June 15, 2005 at 10:00 A.M.

**SO ORDERED.**

                                                                    s/ Ronald J. Hedges
                                                                    Ronald J. Hedges
                                                                    United States Magistrate Judge

Copy: Judge Jose L. Linares